UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ADAM S. MURPHY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 1:17-cv-00395-GZS |
| | ) | |
| AROOSTOOK COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION
## BASED ON PLAINTIFF'S FAILURE TO PROSECUTE

On October 5, 2017, Plaintiff filed a complaint and an Application to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) The Court granted the motion on October 10, 2017 (ECF No. 3), and ordered Plaintiff to notify the Court no later than October 31, 2017, of his intent to proceed with this action and to acknowledge in his notice that he understands his obligation to pay the complete filing fee as the requisite funds become available to him. Through the order, the Court informed Plaintiff that a failure to comply with the order would result in a dismissal recommendation.

Because Plaintiff failed to comply with the order, on November 16, 2017, the Court issued an Order to Show Cause. (ECF No. 4.) In the Show Cause Order, the Court established November 30, 2017, as the date by which Plaintiff was to show cause in writing as to why he failed to comply with the Court's order requiring that he notify the Court of his intent to proceed with this action. The Court again advised Plaintiff that if he failed to show cause, his complaint could be dismissed. Plaintiff has not responded to the Show Cause

Order, and has not otherwise communicated with the Court. Given Plaintiff's failure to show cause, I recommend the Court dismiss the matter without prejudice.

## Discussion

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has (a) failed to comply with the Court's October 10, 2017, Order that required Plaintiff to notify the Court of Plaintiff's intent to proceed (ECF No. 3), and (b) failed to show cause in accordance with the Court's Order to Show Cause. (ECF No. 4.) Plaintiff thus has not only failed to comply with two of the Court's orders, but insofar as he has not notified the Court of his intent to proceed, Plaintiff has also failed to prosecute his claim.

Given Plaintiff's failure to comply with the Court's orders, his failure otherwise to prosecute the action, and his lack of communication with the Court following the filing of the complaint and Application for Leave to Proceed *In Forma Pauperis* on October 5, 2017 (ECF No. 2), dismissal is warranted.

**Conclusion**

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of December, 2017.